UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lynette Maryea

  v.                   Civil No. 13-cv-318-LM
                        Opinion No. 2015 DNH 217

Warren Dowaliby, et al.

**O R D E R**

  Plaintiff, Lynette Maryea, is a former inmate at the Strafford County House of Corrections. Maryea brings state and federal claims arising from injuries she sustained when another inmate assaulted her. Before the court is defendants' motion to exclude two expert witnesses Maryea disclosed after the deadline for doing so had passed. Maryea objects.

**Discussion**

  Defendants move to exclude the opinions of two of Maryea's experts: Dr. Mark Koris and Stephen Powers. Defendants state that both experts and their reports were not disclosed until September 17, 2015, more than three months after the deadline in the scheduling order. In response, Maryea concedes that she did not disclose either expert or provide their reports until after the deadline in the scheduling order, but she argues that her failure to do so is substantially justified and harmless.

Federal Rule of Civil Procedure 26 requires a party to "disclose to the other parties the identity of any witness it may use at trial to present [expert opinion testimony]." Fed. R. Civ. P. 26(a)(2)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Thus, under Rule 37, "the baseline rule is that the required sanction in the ordinary case is mandatory preclusion" of late-disclosed information. Harriman v. Hancock Cty., 627 F.3d 22, 29 (1st Cir. 2010) (alteration and quotation marks omitted). In determining whether the court should impose that sanction, the First Circuit has suggested considering several factors, including "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (i.e., harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence." Id. (citing Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 79 (1st Cir. 2009) (further citations omitted)). "[I]t is the obligation of the party facing sanctions for belated

disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction." Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001).

Here, none of these factors suggests that this court should eschew the "baseline rule" and impose a remedy other than precluding the challenged witnesses.

I.   Justification

Maryea argues that her late disclosure is substantially justified because: (1) her experts rely on information from her deposition, the transcript of which was not available until after her expert disclosure deadline, and (2) both of her experts experienced medical issues, which "precluded them from working during the months leading up to and following the disclosure deadline." Pl.'s Obj. (doc. no. 10) at ¶ 6. The court finds both of these justifications unpersuasive.

Even assuming Maryea's deposition transcript was unavailable until after the deadline for the disclosure of experts,[1] the lack of access to the deposition transcript does

---

[1] Defendants assert in their reply that their counsel received Volume 1 of 2 of Maryea's deposition transcript on March 25, 2015, several months prior to Maryea's expert disclosure deadline, and that Volume 1 discussed both medical and liability issues. Defs.' Reply (doc. no. 12) at ¶ 12.

not justify the late disclosure. Maryea does not state she was unavailable to her experts or proffer reasons why her experts could not interview her, rather than wait for her deposition transcript.

With regard to the health of her experts, Maryea offers no reason why, in light of her experts' health issues, she did not seek to amend the discovery plan to accommodate these delays. See, e.g., Fortin v. Town of Wells, Civ. No. 09-179-P-S, 2009 WL 3327200, at *3 n.2 (D. Me. Oct. 13, 2009) ("If the party legitimately needs more time [to designate expert witnesses], a motion to amend the scheduling order must be submitted, before the deadline set by the scheduling order."). Indeed, Maryea did not raise any issues concerning her expert disclosure until three months after the deadline, and then disclosed her experts and their undated reports only after a discussion between her counsel and the defendants' counsel. Therefore, Maryea has not shown that her late disclosure of experts was justified.

II. Harmlessness

Maryea argues that her late disclosure is harmless because "[a]ny perceived prejudicial effect of permitting Plaintiff's late expert disclosures can be avoided with a simple adjustment of the current discovery plan and summary judgment deadlines to allow the Defendants an opportunity to review the disclosures,

make any challenges they may have, and obtain their own experts." Doc. no. 10 at ¶ 13. The court disagrees. Late disclosure of an expert is not harmless when it occurs after "the deadline [for the other party] to designate his own expert." Westerdahl v. Williams, 276 F.R.D. 405, 410 (D.N.H. 2011); see also Goldenson v. Steffens, No. 2:10-cv-440-JAW, 2012 WL 1951833, at *6 (D. Me. May 30, 2012) (noting that when late disclosure of an expert "require[s] an extension of remaining scheduling order deadlines . . . .[the] impact, in itself, constitutes a harm and weighs against the allowance of the late designation").

Further, even if postponement of certain discovery deadlines would allow defendants to find an expert in response to Maryea's late disclosure, defendants should not be forced to seek "additional discovery necessitated solely by [Maryea's] unjustifiably late disclosures." Contour Design, Inc. v. Chance Mold Steel Co., Ltd., No. 09-cv-451-JL, 2011 WL 4527404, at *8 (D.N.H. Sept. 28, 2011). "If continuances were granted as a matter of course for violations of Rule 26[], the rule could always be disregarded with impunity." Id. (quoting Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992) (internal quotation marks omitted)).

Therefore, Maryea has not demonstrated that her late disclosure of her experts was harmless.

III. Other Factors

The remaining factors do not weigh in favor of deviating from the "baseline rule" that late-disclosed experts be precluded.  Although defendants do not suggest that Maryea has missed other discovery deadlines, the parties have already amended the discovery plan to postpone certain deadlines, including the deadline for Maryea to designate experts, on two separate occasions.  The court has also granted the parties' two requests to continue the trial date.  Thus, the history of the litigation does not weigh in favor of imposing a lesser sanction.  See, e.g., AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 80 (D. Mass. 2008) (noting that the history of the litigation weighed in favor of preclusion where the "litigation includes multiple extensions to complete discovery"); Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 296 (D. Mass. 2006).

Allowing Maryea to use her late-disclosed experts will also likely have a substantial effect on the court's docket.  Maryea's disregard of the deadlines for expert disclosures by itself has an effect on the court's docket.  See Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este, 456 F.3d 272, 277 (1st Cir. 2006) ("Whenever a party, without good cause,

neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised."). Here, that effect is amplified. Trial is scheduled for March 2016. Defendants have asserted that they will likely need a continuance of the trial to adequately prepare for trial should Maryea's two late-disclosed experts be permitted to testify. The impact on the court's docket is thus substantial. See Contour Design, 2011 WL 4527404, at *8 (delaying discovery and trial because of late-disclosed information has a substantial effect on the court's docket); see also Santiago-Lampón v. Real Legacy Assur. Co., 293 F.R.D. 86, 91 (D.P.R. 2013).

Finally, Maryea has not shown her need for the late-disclosed experts. Not only does Maryea fail to articulate her need for the experts, she offers no details as to the content or subject matter of their opinions. Thus, exclusion of the experts will not "obviously or automatically result in dismissal" of Maryea's case, and this factor does not weigh in favor of preclusion. See Harriman, 627 F.3d at 32.

After due consideration of the applicable factors, the court finds that precluding Maryea from offering Dr. Mark Koris' and Stephen Powers' opinions is the appropriate remedy for her late disclosure.

7

**Conclusion**

For the foregoing reasons, defendants' motion to exclude expert opinions (doc. no. 9) is GRANTED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 1, 2015

cc: Tony F. Soltani, Esq.
    Corey M. Belobrow, Esq.